Lorraine LICARE, Plaintiff-Appellant,

v.

Vincent F. LICARE,
Defendant-Respondent,

and

Midwest Diesel Service, Inc., a
corporation, Garnishee.

No. 37061.

Missouri Court of Appeals,
St. Louis District,
Division Three.

May 11, 1976.

Taub & Klein, Jerry A. Klein, St. Louis,
for plaintiff-appellant.

Shaw, Howlett & Schwartz, Clayton, for
defendant-respondent.

SIMEONE, Presiding Judge.

This is an appeal by plaintiff-appellant,
Mrs. Lorraine Licare, from an order of the
circuit court of the County of St. Louis
entered on March 25, 1975, sustaining de-
fendant-respondent, Vincent F. Licare's,
motion to quash garnishment and reducing
the amount of the garnishment requested,
$1555.62, to $455.62.

Cutting through the labyrinth of facts
raised by the plaintiff-appellant, Mrs. Li-
care, in this "divorce"[1] proceeding, the es-
sential question presented on this appeal is
whether the court in its order erred in
reducing the amount of the garnishment
for "alimony pendente lite" to $455.62. We

---

1. The petition for divorce was filed in February,
1972, and the motions were filed prior to the
adoption of the recently enacted "no-fault di-
vorce law."  §§ 452.300–452.415, RSMo Supp.
1973.

believe it did and, hence, for reasons hereinafter stated, reverse the order of March 25, 1975.

In February, 1972, Mrs. Licare filed her petition for "divorce." Thereafter, she filed her motion for "alimony pendente lite, suit money, and attorney's fees." In due time, and on June 9, 1972, the circuit court of St. Louis County entered its order granting Mr. Licare custody of the four minor children and granting Mrs. Licare "temporary custody" of the children on weekends and summers. In paragraph eight of that June 9 order, the court ordered Mr. Licare:

". . . to pay to plaintiff the sum of $250 per month as and for temporary alimony and as and for support of the minor children while in plaintiff's temporary custody. In addition, defendant [husband] is ordered to pay as temporary alimony and child support all sums when due by way of payments on the deed of trust, insurance and taxes on the jointly owned home occupied by plaintiff." [2]

On December 1, 1972, Mrs. Licare sought garnishment in aid of execution under this June 9 order for the months of August, September, October and November, 1972—amounting to a total of $1000.00. To this December 1, 1972 special execution, Mr. Licare filed on December 22, 1972, a motion to quash contending that ". . . said indebtedness does not exist and that said order fails and on its face does not show that said indebtedness exists." This motion was overruled on December 29, 1972. Finally, on this garnishment seeking $1000.00, $544.38 was actually realized by the garnishment obtained on defendant's bank account, leaving a balance of $455.62 for moneys due for August through November, 1972, at $250.00 per month.

On March 6, 1973, plaintiff was granted a divorce and in the decree was awarded $350.00 per month "as and for alimony."

Then on January 7, 1975, Mrs. Licare sought a second garnishment seeking money due (1) for the months of August through November, 1972, (2) for December, 1972, and January and February, 1973, in the amounts of $250.00 per month, and (3) for $350.00 for the month of March, 1973, under the divorce decree entered March 6, 1973. Again, Mr. Licare filed his motion to quash the garnishment because ". . . Defendant is not indebted to Plaintiff and . . . any and all indebtedness heretofore existing has been satisfied, adjudicated and settled." Evidence was taken on this motion. On March 25, 1975 the trial court made an order sustaining the motion,

". . . in that said garnishment is hereby reduced to the amount of $455.62. The garnishment covers a period from August, 1972 through December [sic], 1972. The Motion to Quash this garnishment is res judicata as to that period. $544.38 was heretofore collected on a previous garnishment [December 1, 1972] and a figure of $455.62 represents the remainder due for that [?] period of time. The period from January, 1973, through February, 1973, was not the subject matter of the previous garnishment, and the Court feels that no amount of child support was ordered during that period. The Court further finds that the defendant is current in any and all alimony payments pursuant to the Court's Order of March 6, 1973. Costs against defendant."

Following the entry of this order, Mrs. Licare duly appealed. In this court-tried hearing, we reach our own independent conclusions giving due deference to the trial court in matters of credibility. After examining the entire record, we are convinced that Mrs. Licare is entitled to the following amounts under the order of June 9, 1972 following her motion pendente lite:

---

2. This amounted to approximately $59.00 per month.

| | | |
|---|---|---|
| August, 1972 | — | $250.00 |
| September, 1972 | — | 250.00 |
| October, 1972 | — | 250.00 |
| November, 1972 | — | 250.00 |
| | | $1000.00[3] |
| December, 1972 | — | 250.00 |
| January, 1973 | — | 250.00 |
| February, 1973 | — | 250.00 |
| | | $1750.00[4] |

In addition to the above amounts, she is also entitled under the "divorce" decree entered on March 6, 1973 to the additional sum of $350.00 for the month of March 6, 1973 to April 6, 1973. The total, therefore, to which she is entitled is $1750.00 plus $350.00, or $2100.00.

As stated, Mrs. Licare originally sought execution for August through November, 1972, at $250.00 per month, or a total of $1000.00. She collected $544.38, leaving a balance of $455.62. Under the June 9 order she was also entitled to $250.00 for December, 1972, and January and February, 1973, or a total of $1205.62.[5] When $350.00 awarded under the March 6, 1973 "divorce" decree is added thereto, plaintiff sought and is entitled to $1555.62, the amount requested in the January 7, 1975 garnishment.

The trial court reduced the amount because it erroneously held that (1) Mrs. Licare was not entitled to "alimony pendente lite" for January and February, 1973, because "no amount of child support was ordered during that period," (2) the December, 1972, garnishment covered the period from August through December [sic], 1972, thus reducing the amount owed from $1000.00,[6] and (3) Mr. Licare was current in alimony payments pursuant to the divorce decree entered March 6, 1973. In these three respects, the trial court erred.

We disagree with the trial court that the appellant, Mrs. Licare, was not entitled to the amount claimed because she was not awarded "alimony" but child support, and that since she did not have the children during January and February, 1973, she was not entitled to any amount. While the June 9, 1972 order was somewhat ambiguous, we believe the order was for "alimony" pendente lite in the sum of $250.00 per month. We also disagree that Mr. Licare was current in the alimony payments as of March 6, 1973. The evidence was clear that Mrs. Licare did not receive the first $350.00 payment until May, 1973, for the period from April 6, 1973, to May, 1973. She was entitled to that $350.00 payment for the period from March 6, 1973, to April 6, 1973. Execution may issue anytime after the rendition of the judgment. The decree for the $350.00 alimony was due from the date of the decree, March 6, 1973. *Burtrum v. Burtrum*, 210 S.W.2d 364[13] (Mo.App.1948); 27A C.J.S. Divorce § 240, p. 1153 (1959).[7]

Hence, in view of the fact that Mrs. Licare is entitled to the above amount, we must reverse the order of the trial court entered March 25, 1975, sustaining the respondent's motion to quash and reducing the amount of the garnishment to $455.62.

The judgment is reversed, and the cause remanded with directions to overrule the motion to quash garnishment and to award Mrs. Licare the amount of $1555.62.

KELLY and GUNN, Jr., JJ., concur.

---

3. This was the amount due as of the time she filed her first garnishment on December 1, 1972.

4. This was the amount claimed under the January 7, 1975 garnishment based on the June 9, 1972 pendente lite order.

5.

| | | |
|---|---|---|
| | $ 455.62 | ($1000.00 for Aug. to Nov., 1972, less $544.38) |
| | 250.00 | Dec. 1972 |
| | 250.00 | Jan. 1973 |
| | 250.00 | Feb. 1973 |
| | $1205.62 | |
| plus | 350.00 | alimony due from March 6, 1973 to April 6, 1973 under divorce decree |
| | $1555.62 | |

6. This must be erroneous because if the garnishment covered August through December, 1972, the amount would be $1250.00, not $1000.00, and the court ruled that the remainder of $455.62 is the remainder due after $544.38 had been paid, making a total of $1000.00—$250.00 per month for four, not five, months.

7. If the court intended that a portion of the $250.00 payments be for support of the children, it should have designated what that portion was. *Kinsella v. Kinsella*, 60 S.W.2d 747, 748 (Mo.App.1933).